IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL E. LUCAS, | ) | |
| | ) | Civil Action No. 04 - 60J |
| Plaintiff, | ) | |
| | ) | Judge Kim R Gibson / |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| UNITED STATES BUREAU OF PRISONS AND ITS EMPLOYEES, | ) ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the Defendants' Motion to Dismiss Complaint or, in the Alternative, Motion for Summary Judgment (doc. no. 45) be granted.

**II.     REPORT**

Plaintiff is a federal prisoner currently confined at the Federal Correctional Institution at Milan, Michigan. He brings this civil rights action pursuant to Bivens v. Six Unknown Federal Bureau of Narcotics Agents, 403 U.S. 388 (1971), wherein the Supreme Court recognized that federal officials may be sued in their individual capacities for certain constitutional violations. Plaintiff complains that Defendants violated his federal and constitutional rights in connection with a "falsified" misconduct for which he received loss of good time credit and a disciplinary transfer. For the reasons that follow, Plaintiff is not entitled to the relief he seeks as he has failed to demonstrate the invalidity of his misconduct.

A. Standard of Review

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6)

if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B. Plaintiff's Claim

Plaintiff is seeking restoration of his good time credits and one million dollars in damages with respect to the misconduct he received in October of 2001 for possession of narcotics, which Plaintiff claims was Oregano. As explained below, Plaintiff's claims are barred under the rule announced by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994) and later applied in Edwards v. Balisok, 520 U.S. 641 (1997).

In Heck, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department.

The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody.

The Supreme Court noted that disposition of Heck's claim required inquiry into the proper relationship between the Civil Rights Act and the federal habeas corpus statute (28 U.S.C. § 2254), both of which provide a federal forum for prisoners to raise claims of constitutional violations. In analyzing the propriety of instituting a civil damages claim based on an improper conviction, the Court reiterated the firmly entrenched rule that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. *Id*. at 481 (citation omitted). The Court further noted that the habeas statute, unlike the Civil Rights Act, requires a petitioner to "exhaust" his federal claims by presenting them to the appropriate state courts prior to seeking federal relief. After reviewing its origin and history, the court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of an outstanding criminal judgment through the pursuit of money damages. In so concluding, the court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

> demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted).[1]

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the Heck prohibition to a prisoner's civil rights claim alleging the unconstitutionality of procedures that were used during a disciplinary hearing that resulted in the deprivation of good-time credits. Edwards involved a state prisoner who was found guilty of various prison infractions and sentenced to 10 days isolation, 20 days segregation, and deprived of 30 days' good-time credit. After appealing his misconduct through the prison's appeal system, the prisoner Balisok filed an action under section 1983 alleging that unconstitutional procedures were used in his disciplinary proceeding. Specifically, he alleged that the disciplinary hearing officer concealed exculpatory witness statements, refused to ask specified questions and prevented him from introducing exculpatory material. Balisok requested declaratory relief, money damages and prospective injunctive relief, however, he did not request restoration of his lost good-time credits.

Employing its earlier pronouncement in Heck, the Supreme Court held that "respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648. In reaching this conclusion, the Court determined that establishment of the procedural defects complained of, *i.e.*, failure to

---

1. The holding in Heck is equally applicable to Bivens actions. *See* Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997); Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996); Rashid v. Monteverde & Hemphill, 1997 WL 360922 (E.D. Pa., Jun 24, 1997), *aff'd*, 149 F.3d 1165 (Table) (3d Cir. 1998).

allow exculpatory evidence and bias of hearing officer, would entitle Balisok to restoration of the lost good-time credits that had been deducted as a result of the hearing.

In both Heck and Edwards, the Supreme Court applied its earlier teaching in Presier v. Rodriguez, 411 U.S. 475, 488-490 (1973), that habeas corpus is the exclusive federal remedy for a prisoner who challenges the fact or duration of his confinement. Although neither plaintiff in either Heck or Edwards actually sought release or restoration of good-time credits, the Supreme Court based both of its holdings on the fact that the effect of invalidating the criminal conviction in Heck and the disciplinary action in Edwards *necessarily* would have resulted in earlier release for both plaintiffs.

The discussion above makes clear that a claim such as that raised by Plaintiff that attacks the validity of a prison disciplinary action that results in the loss of good time credit is not cognizable unless or until that prisoner's disciplinary sentence is reversed or expunged by prison officials or called into question by the issuance of a writ of habeas corpus. *Accord* Johnson v. Derose, Civ. No. 05-342, 2007 WL 1074507 (M.D. Pa. April 4, 2007); Alexander v. Fed. Bureau of Prisons, Civ. No. 05-248J, 2006 WL 1620155, at *2 (W.D. Pa. June 12, 2006). Accordingly, Defendants' Motion to Dismiss should be granted.

III. **CONCLUSION**

It is respectfully recommended that the Defendants' Motion to Dismiss Complaint or, in the Alternative, Motion for Summary Judgment (doc. no. 45) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date

of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: November 2, 2007

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc: The Honorable Kim R. Gibson
United States District Judge

Randall E. Lucas
42015-061
FCI Milan
P.O. Box 1000
Milan, MI 48160